UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 05100 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| ANDREW CLAVIO, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Flava Works, Inc. filed this case against Defendant Andrew Clavio, alleging several forms of copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. R. 13 ¶ 1.[1] Clavio has moved to dismiss, arguing that the complaint fails to state any claim. Fed. R. Civ. P. 12(b)(6). R. 59. For the reasons explained below, the Court grants the motion to dismiss, but without prejudice to Flava Works proposing a new complaint within 14 days.

I.

The facts are taken as true from Flava Works' complaint. Flava Works produces adult entertainment products (in other words, pornography), including DVDs, streaming video, magazines, photographs, and Internet website content, and

---

[1]Citation to the docket is "R." followed by the docket entry. This Court has subject matter jurisdiction under 28 U.S.C. § 1331. The case was initially filed against several individual defendants. R. 13. The Court granted Flava Works' motion to sever five of the defendants. R. 58. But that inadvertently left 8 defendants unaddressed. Flava Works filed a second motion to sever some of the remaining 8 defendants, and to voluntarily dismiss the others. R. 67. That motion was granted, R. 69, leaving Clavio as the sole remaining defendant in this case.

distributes the material through its own video websites as well as through various distributors and licensees. R. 13 ¶¶ 9-10. Flava Works alleges that Clavio violated the terms of Clavio's paid membership with Flava Works' websites by downloading, posting, and distributing copyrighted Flava Works' videos to other websites, including those with peer-to-peer sharing and "torrents" technology. *Id.* ¶ 15. As a result of Clavio's conduct, Flava Works alleges, third parties were able to download the copyrighted videos. *Id.* ¶ 16. Notably, Flava Works does not identify what works were improperly shared or the method of how they were shared.

Flava Works has brought claims against Clavio for direct, contributory, vicarious, and induced copyright infringement. R. 13. Clavio moves to dismiss Flava Works' complaint for failure to state a claim.

## II.

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the

allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### III.

Clavio argues that Flava Works' second amended complaint does not plead facts sufficient to satisfy the elements of direct, contributory, vicarious, or induced copyright infringement, and does not meet the standards of *Iqbal* and *Twombly*. R. 59 at 1-2. Specifically, Clavio contends that each infringement claim must be dismissed because no specific copyrighted work is identified to have been infringed. As the following discussion shows, he is correct.

### A.

To state a claim for direct copyright infringement, a plaintiff must allege facts setting forth (1) ownership of a valid copyright in a work and (2) the copying of elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). A contributory copyright infringement occurs when the defendant "with knowledge of the infringing activity, induces, causes, or materially contributes to the infringing conduct of another." *In re Aimster Copyright Litig.*, 252 F.Supp.2d 634, 654 (N.D. Ill. 2002), *aff'd*, 334 F.3d 643 (7th Cir. 2003); *see also Gershwin Publ'g Corp. v. Columbia Artists Mgmt.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Thus, to state a claim for contributory copyright infringement, a plaintiff must plead, "(1) direct infringement by a primary infringer, (2) the defendant's knowledge of the infringement, and (3) the defendant's material contribution to the infringement." *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F.Supp.2d 877, 883 (N.D. Ill. 2005). To

3

state a claim for vicarious copyright infringement, a plaintiff must allege that the defendant: (1) at all material times possessed the right and ability to supervise the infringing activity, and (2) has a direct financial interest in the infringer's activity. *In re Aimster*, 252 F.Supp.2d at 654; *Gershwin*, 443 F.2d at 1162; *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007). Under the theory of inducement of copyright infringement, "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005).

Implicit in the elements of all of these claims is identification of an allegedly-infringed "work." Direct infringement requires copyright in and infringement of *a work*. Similarly, the other three derivative infringement claims are all premised on someone else's infringement of a work; thus, they too fail without identification of a copyrighted work. *Iqbal* and *Twombly* require that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Here, the second amended complaint does not sufficiently do that. Instead, Flava Works merely alleges labels and conclusions, and does not include operative facts,[2] such as identifying the actual work that is being infringed and the means of its copying and/or distribution. The mere allegation that

---

[2]*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) ("A complaint must at least include the operative facts upon which a plaintiff bases his claim.") (internal quotation marks and citation omitted).

"Defendants downloaded copyrighted videos of Flava Works . . . and posted and distributed the aforesaid videos on other websites," R. 13 ¶ 15, does not provide adequate notice to Clavio.

Although the complaint alleges that videos were posted and distributed on other websites, *id.*, these broad and conclusory allegations do not point to a specific copyrighted work that was infringed, and are not enough to put Clavio on notice. *See e.g., Nat'l Bus. Dev. Servs., Inc. v. Am. Credit Educ. & Consulting, Inc.*, 299 F. App'x 509, 511-12 (6th Cir. 2008) (granting a motion to dismiss because the complaint failed to identify the work that was infringed). Flava Works argues that this is a relatively simple case, unlike *Iqbal* and *Twombly*, and thus Flava Works should not have to make specific factual allegations. R. 60 at 2-3. But the relative simplicity of this case actually undermines Flava Works. If this is in fact a "run of the mill" case, *id.* at 2, then Flava Works should have no trouble amending its complaint to include some operative facts sketching out the infringed work and the infringing act.

Because the current complaint fails to allege the necessary operative facts, the motion to dismiss is granted on all counts. For now, the case is dismissed without prejudice, because the Court will give Flava Works 14 days to file a motion to amend the complaint with a proposed third amended complaint. If Flava Works does not file a motion to amend the complaint, then the dismissal will convert into a dismissal *with* prejudice without further order of the Court. If Flava Works does file a motion to amend, then the Court will set a response date.

5

**B.**

In addition to insufficient factual detail, which applies to all of the current claims, it is worth discussing Clavio's additional claim-specific arguments so that Flava Works will be on notice of what is expected in the proposed amended complaint (if any amendment is offered). Flava Works will need to allege additional facts, specific to those claims, for the Court to authorize filing a third amended complaint.

1. **Contributory Infringement**

Specifically, the Copyright Act does not expressly impose liability on anyone other than direct infringers, although courts have recognized vicarious and contributory liability. *See Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 435 (1984) (explaining that "vicarious liability is imposed in virtually all areas of the law, and the concept of contributory infringement is merely a species of the broader problem of identifying the circumstances in which it is just to hold one individual accountable for the actions of another"). With regard to the claim for contributory copyright infringement (Count 2), there are inadequate factual allegations that would permit the Court to reasonably infer that Clavio knew of the infringing conduct of another person and materially contributed to it. Flava Works has alleged that "Defendants . . . materially contributed to the infringement . . . by copying, posting and/or distributing Flava Works' copyrighted videos," R. 13 (Count 2) ¶ 17,[3] and had

---

[3]The paragraphs of the complaint, R. 13, are not numbered continuously. That is, with each count of the complaint, the paragraph numbers begin again at paragraph 17—paragraphs 1-16 being incorporated by reference into each count. As such, Counts 1-4 each have paragraphs that are labeled as the same paragraph number. The citation to "(Count 2) ¶ 17"

knowledge of the infringing activity, *id.* (Count 2) ¶ 18. Clavio argues that Flava Works has failed to sufficiently allege the elements of the claim because contributory infringement requires direct infringement by a third-party. R. 59 at 4. Clavio is correct. Contributory infringement does require infringement by a third-party (and knowledge of that infringement by the person being pursued for contributory infringement). The complaint does not include a single factual allegation of some third-party—even if that third-party's specific identity is unknown—who was infringing with the assistance and knowledge of Clavio. An amended complaint would have to identify a third-party (or if the third-party's name is not known, at least provide some specifics as to a third-party infringer) who infringed with Clavio's assistance and knowledge.

### 2. Vicarious Liability

The same defect applies to the vicarious liability claim. Vicarious liability requires that some third-party infringe and that the defendant have some direct financial interest in the infringement. Again, there are zero allegations about a third-party (or third-parties) interacting with Clavio that could subject him to vicarious liability. Additionally, there are no allegations of a direct financial interest between the (unalleged) third-party and Clavio.

The essential test for direct financial interest is whether "there is a causal relationship between the infringing activity and any financial benefit a defendant reaps…." *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004). The complaint

---

refers to ¶ 17 found under Count 2 of the complaint.

simply alleges, "Defendants had…the obligation and ability to control and stop the infringing activity." R. 13 (Count 3) ¶ 17. The complaint does not allege any facts to suggest that Clavio received a direct financial benefit as a result of the infringing activity. Those factual allegations will be necessary if Flava Works wants to pursue a claim for vicarious liability in its proposed third amended complaint.

### 3. Inducement

Third, the claim for inducing copyright infringement (Count 4) is lacking any factual allegations that Clavio took affirmative steps to induce infringement by others. (That hole in the complaint is not surprising in light of the absence of any allegations about any third-party.) The complaint merely alleges that "Defendants' conduct constitutes inducement copyright infringement," R. 13 (Count 4) ¶ 18, but it does not point to any facts plausibly suggesting that Clavio induced infringement, facts such as his use of advertisements or his making of statements urging others to infringe. *See MGM Studios*, 545 U.S. at 923-24 (explaining that each defendant clearly voiced their objective that recipients use their sites to download copyrighted works and took steps to encourage infringement).

### C.

Lastly, there is one additional, overarching concern with the complaint in its current form, and it is worth discussing in order to put Flava Works on notice of what would be required in a third amended complaint. In claims for direct copyright infringement, it has been noted in other Circuits that there is a difference between "posting" and "copying" a work to a website. For example, a post may just link to

8

another website and not actually disseminate a copy. *See Perfect 10, Inc. v Amazon.com, Inc.*, 508 F.3d 1146, 1155 (9th Cir. 2007). The complaint alleges that Clavio "posted and distributed" videos. R. 13 ¶ 15. In a proposed third amended complaint, Flava Works should clarify the exact nature of the alleged infringing conduct, that is, what it means to allege that Clavio "posted and distributed" videos.

### IV.

Because the current complaint fails to allege the necessary operative facts, the motion to dismiss [R. 59] is granted on all counts. The case is dismissed without prejudice. Flava Works has 14 days to file a motion to amend the complaint, attaching a proposed third amended complaint. Clavio will then have an opportunity to renew his arguments if he feels that Flava Works' proposed complaint still fails to state a claim. If Flava Works fails to file a motion to amend the complaint in that time period, the dismissal will convert to a dismissal with prejudice. To track the case, a status hearing is set for July 12, 2012, at 9:30 a.m.

ENTERED:

*Edmond E. Chang*
———————————————
Honorable Edmond E. Chang
United States District Judge

DATE: June 27, 2012

9